## PAUL v. WESTINGHOUSE, CHURCH, KERR & CO.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

MASTER AND SERVANT—FURNISHING APPLIANCES—NEGLIGENCE—EVIDENCE.

An employé at work in a blacksmith shop was injured by a piece chipping off the edge of a hammer as it hit an anvil. The hammer was new, and no particular defect existed therein. It was of the kind in general use. It was made by the drop of a forge on a die, and in that way shaped by a couple of strokes, instead of being hand made. An expert testified that a hand-made hammer would never chip, and that the steel had to be heated too intensely to enable the hammer to be made in a stroke or two of the drop forge, and as a result the hammer was too brittle. *Held* not to show that the employer failed to furnish a reasonably safe hammer.

Appeal from Municipal Court of New York.

Action by Harry Paul against the Westinghouse, Church, Kerr & Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

E. Clyde Sherwood (Elliott L. Perkins, on the brief), for appellant. George F. Hickey, for respondent.

GAYNOR, J. Plaintiff and a fellow workman were at work on the same anvil in the defendant's blacksmith shop pointing a pick. The process was that after the pick was heated the plaintiff pounded it with a sledge while his fellow held it on the anvil and alternately hit it with a small handhammer, and when the plaintiff ceased his fellow finished the pointing by continuing with his handhammer. A little piece chipped off the edge of the handhammer as it hit the anvil, and flew into the plaintiff's hand as he was putting down his sledge. The

handhammer was new, having been taken that day from the storeroom where numbers of like hammers were kept for use in the shop. They were of the kind in general use in blacksmith shops, and were purchased by the defendant in the market. No particular flaw or defect is assigned by the plaintiff to the hammer in question; he only claims that all such hammers are liable to chip, and that therefore the defendant furnished an unsafe tool. They are made by the drop of a forge on a base or die, and in that way shaped by a couple of strokes instead of being handmade, and it is on that score that the plaintiff condemns them. Such was the testimony of his expert, who exhibited a hammer made by himself by hand, and which he claimed would never chip. He testified that the bar steel had to be heated too intensely to enable the hammer to be made in a stroke or two of the drop forge, and as a result the hammer was too brittle.

The hammer was of the kind in general use. The defendant was not required to furnish handmade hammers. They have been superceded by machine-made hammers, as is the case generally with tools and implements. His duty was to furnish a reasonably safe hammer, as things go and are accepted, and he did so. Apati v. D. L. & W. R. Co., 64 App. Div. 515, 72 N. Y. Supp. 322.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.